UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Rosa Ravelo, | ) | Case No. 11-23119 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**Order Granting Chapter 7 Trustee's Motion to Approve Settlement (Dkt. No. 33)**

This matter comes before the court on the Chapter 7 Trustee's ("Trustee") motion to approve a $390,000.00 settlement in the medical malpractice matter of *Rosa Ravelo v. Affiliated Chicago Physicians, Inc., Luis Angarita, MD and Galilee Medical Center, S.C.*, Case No. 2011 L 006675 ("Lawsuit"). *See* Dkt. No. 33. The lawsuit was filed on June 27, 2011 on behalf of the Debtor by the law firm of Romanucci & Blandin, LLC "Romanucci"; the Trustee retained Romanucci as special counsel to represent him in the lawsuit. *See* Dkt. No. 24. The settlement provides for the Debtor's $15,000.00 claimed personal exemption; $70,000.00 hospital lien; fees for special counsel; and allowed claims and costs of administration. Dkt. No. 33, p. 5.

The Debtor objects to the proposed settlement and contends that the amount offered is too low. The Trustee rejected the Debtor's offer to pay the estate $36,818.00 that would presumably pay in full the allowed unsecured claims and costs of administration. Dkt. No. 35, p. 3. The unsecured claims in this case total $56,032.20. *See* Claims Register. One of them is a $36,167.06 claim from the US Department of Education that was withdrawn because Debtor agreed to a new payment plan set to begin in 2019. *See* Claim No. 7. The Debtor argues that withdrawal of Claim No. 7 reduces the pool of unsecured claims to $19,865.14. Dkt. No. 35, p.

2. The Trustee estimates his costs of administration, including attorney's fees at $20,000.00 and the Debtor maintains she could produce funds over and above $36,167.06 to pay in full the unsecured claims and costs of administration. In essence, the Debtor is offering to pay the unsecured claims and the costs of administration so the lawsuit could be abandoned to her.

Under Bankruptcy Rule 9019(a), the bankruptcy court may approve a compromise or settlement "[o]n motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustee...." In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable, *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968), and in the best interests of the bankruptcy estate, *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir.1987). *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 585–86 (7th Cir. 1994). Moreover, the bankruptcy judge should,

> form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation. *Depoister*, 36 F.3d at 586 citing *TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25, 88 S.Ct. at 1163.

The court heard testimony from Mr. Stephan Blandin (Romanucci co-founder, principal, and partner) where he explained a judgment in Debtor's favor was potentially worth between the high six-figures or seven-figures. Mr. Blandin stated that the case faced two issues that would minimize recovery beyond the proposed settlement including costs and the ability to collect on a judgment. With respect to collecting on a judgment, the insurance company for the Defendants in the lawsuit secured a declaratory judgment from the US District Court; Judge Darrah rescinded

the insurance policy because the Defendants made material misrepresentations about their use of mesotherapy[1] on their insurance application. Dkt. No. 33, p. 5; *See Essex Ins. Co. v. Galilee Med. Ctr. SC*, 988 F. Supp. 2d 866, 873 (N.D. Ill. 2013), *aff'd sub nom. Essex Ins. Co. v. Galilee Med. Ctr. S.C.*, 815 F.3d 319 (7th Cir. 2016). The law firm asserted that regardless of the lawsuit's value, the ability to collect on a judgment is severely compromised without access to insurance. The court was also advised that the mesotherapy treatments took place at the Doctor's home, not the Doctor's office, giving rise to issues of agency regarding co-defendant Galilee Medical Center.

The other issue was costs. Mr. Blandin explained that the law firm hired an expert that costs $10,000.00 and an additional $20,000.00 to $25,000.00 would have to be paid to have that expert deposed. Mr. Blandin said that if approval of the settlement was not granted, he would assign her case to a first-year associate. The Debtor expressed her desire to have a partner continue representing her but she is in talks with other counsel should her relationship with the law firm deteriorate.

Based on the evidence presented including the high likelihood of Debtor's success on the merits, the length of the lawsuit; rescission of the insurance policy; costs already incurred including the future costs of expert witnesses; the possibility of a new firm taking over the case; and the sufficiency of the settlement to create a surplus estate, the court agrees with the business judgment of the Trustee that the proposed settlement is in the best interests of the estate.

Furthermore, the Debtor's ability to obtain a favorable judgment is not dispositive. In

---

[1] Mesotherapy is a non-FDA approved weight-loss procedure that Defendants in the lawsuit performed on the Debtor. *Essex* at 869.

*Teknek*, the court agreed with a Trustee's proposal to settle a $3,771,555.25 judgment claim against the Debtor for $350,000.00 overruling an objecting creditor (who thought potential recovery exceeded $4 million) in part because the creditor was unable to collect its judgment before a Scottish court; that court questioned the California District Court's personal jurisdiction over the defendants. *In re Teknek, LLC*, 402 B.R. 257, 261 (Bankr. N.D. Ill. 2009). Similarly, this court questions the Debtor's ability to sufficiently collect on a judgment where there are serious concerns regarding agency and the inability to collect from an insurance company. In addition, the educational debt's exclusion from the settlement appears to be a bit manipulative; the Debtor has used the automatic stay to hold her creditors at bay for seven years and now wants to treat them differently. The estate's interest in paying creditors in full should not turn on the Debtor's desire to avoid settlement of a case with limited ability to collect and the prospect of additional litigation expenses.

In conclusion, the Debtor does not have the funds on hand to pay the allowed unsecured claims in full. The only reason that Claim No. 7 was withdrawn is because the Debtor decided to make an arrangement to pay them over time, beginning in 2019. By this logic, the Debtor could arrange for all creditors to withdraw on the promise of payment from a future settlement or judgment outside of bankruptcy.

If the settlement is approved, the Trustee will have sufficient funds for a surplus estate. Based on the evidence presented, the court finds that the proposed settlement is fair, equitable, and in the best interests of the estate. The Trustee's Motion to Approve Settlement (Dkt. No. 33) is GRANTED.

So Ordered.

Date:  July 30, 2018

Entered:

*/s/ Jacqueline P. Cox*

Judge Jacqueline P. Cox
United States Bankruptcy Judge